IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE L. B. VINSON, #121632, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-282-TMH |
| | ) |
| CYNTHIA DILLARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is currently pending before the court on an amended complaint filed by Willie L. B. Vinson ["Vinson"], an indigent state inmate, challenging the denial of parole issued on March 6, 2013. *Doc. No. 8*. On August 15, 2013, Vinson filed a motion to convert his complaint to a class action in which he seeks to add all other inmates who have been or will be denied parole with respect to an alleged interest in receiving "a written statement of reasons for denial of parole . . . ." *Id*. at 1. The court therefore construes this document as a motion to certify class under Rule 23, *Federal Rules of Civil Procedure*. Upon consideration of the motion to certify case as a class action, the court concludes that this motion is due to be denied.

Vinson is a *pro se* inmate unschooled in the law, who seeks to represent the interests of voluminous inmates who have been or will be denied parole and not provided a written statement for such denial. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and

adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals.  The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington Cnty. Jail v. England*, 516 F. Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981).  Moreover, it is clear that the prosecution of separate civil actions by inmates seeking to challenge the parole consideration process will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief.  Fed. R. Civ. P. 23(b)(1)(A).  Furthermore, the court finds that the common question presented for class certification, i.e., an alleged liberty interest in receiving a reason for the denial of parole, does not implicate the violation of any constitutionally protected right.  *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Thomas v. Sellers*, 691 F.2d 487, 488-89 (11th Cir. 1983); *Ellard v. Alabama Bd. of Pardons & Paroles*, 824 F.2d 937, 941-42 (11th Cir. 1987).  Thus, the court concludes that the plaintiff's motion to certify this case as a class action is due to be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motion to certify case as a class action be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before August 30, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 16th day of August, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE